UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SUSANA CONTRERAS, on behalf of herself )
and all other employees similarly situated, )
                                        )
       Plaintiff,                     )
v.                                      )     Case No:
                                          )
ANGELO GELATO ITALIANO, INC.,     )     Judge:
ANGELO QUERCA, individually          )
and TOMMASA QUERCA, individually,    )     Magistrate Judge:
                                          )
       Defendants.                   )

## COMPLAINT

Plaintiff, Susana Contreras (Plaintiff), by and through her attorneys, Margherita M. Albarello and Di Monte & Lizak, LLC, complains of Angelo Gelato Italiano, Inc., Angelo Querca, and Tommasa Querca (collectively, Defendants), as follows:

## INTRODUCTION

1.    This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (FLSA), the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* (IMWL), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* (IWPCA) for Defendants' failure to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours in a week, and for misclassifying her as an independent contractor when she, in fact, was at all times an employee.

2.     Plaintiff's FLSA collective action consent form is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

3.     The Court has subject matter jurisdiction over the federal wage claims through 29 U.S.C. §216(b) (FLSA), 28 U.S.C. §1331 (federal question), and 28 U.S.C. §1337 (actions arising under acts of Congress relating to commerce).  The  Court has supplemental jurisdiction over the Illinois wage claims through 28 U.S.C. §1367 because these claims are so related to Plaintiff's original jurisdiction FLSA claim that they form part of the same case or controversy under Article III of the United States Constitution.

4.     Venue is properly placed in the Northern District of Illinois, Eastern Division, through 28 U.S.C. §1391(b), because the facts and events giving rise to Plaintiff's claims occurred in  this judicial district.

## PARTIES

A.     Plaintiff

5.     During the relevant time period, Plaintiff resided in, was domiciled in, and was employed by Defendants in Cook County, Illinois, which is in this judicial district.

6.     During the course of her employment with Defendants, Plaintiff handled goods  that  moved  or that  were intended to move in interstate commerce and she was an "employee" of each of the Defendants as defined by the FLSA, IMWL, and the IWPCA.

## B.    Defendants

7.    Angelo Gelato Italiano, Inc. is an Illinois corporation doing business as a maker of flavored, gourmet gelato within this judicial district, with a business office located at 1041 Waveland Ave., Franklin Park, Illinois 60131. It is an "enterprise" as defined by the FLSA, 29 U.S.C. §203(r)(1), is engaged in commerce within the meaning of 29 U.S.C. §203(s)(1)(A), and at all relevant times had more than five employees.

8.    Based on information and belief, Angelo Gelato Italiano, Inc. has annual gross sales of $500,000.00 or more.

9.    Angelo Gelato Italiano, Inc. was Plaintiff's "employer" as that term is defined by the FLSA, the IMWL, and the IWPCA.

10.    Angelo Querca and Tommasa Querca are involved in the day-to-day business operations of Angelo Gelato Italiano, Inc. and have the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and has the authority to participate in decisions regarding employee compensation and capital expenditures.

11.    Angelo Querca was Plaintiff's "employer" as that term is defined by the FLSA, the IMWL, and the IWPCA.

12.    Tommasa Querca was Plaintiff's "employer" as that term is defined by the FLSA, the IMWL, and the IWPCA.

13.     On information and belief, Angelo Querca resides and is domiciled in Cook County, Illinois.

14.     On information and belief, Tommasa Querca resides and is domiciled in Cook County, Illinois.

## FACTS

15.     Plaintiff began working for Defendants in 2007 and continued working for Defendants until on or about Wednesday, July 20, 2016.

16.     Plaintiff worked for Defendants at their Franklin Park plant. Plaintiff's duties included making ice cream and packing ice cream.

17.     Defendants failed to keep proper time records tracking Plaintiff's time worked.

18.     During Plaintiff's employment, Defendants failed to post a copy of a summary of the FLSA and a summary of the FLSA regulations in a conspicuous and accessible place in or about the premises, in violation of the FLSA.

19.     During Plaintiff's employment, Defendants failed to post a copy or a summary of the IMWL and a summary of the IMWL regulations in a conspicuous and accessible place in or about the premises, in violation of the IMWL.

20.     During Plaintiff's employment, Defendants failed to post a copy or a summary of the IWPCA and a summary of the IWPCA regulations in a conspicuous and accessible place in or about the premises, in violation of the IMWL.

21.     Throughout the course of Plaintiff's employment with Defendants, and in the three (3) years prior to Plaintiff filing this Complaint, Defendants scheduled

4

Plaintiff to work in excess of forty (40) hours per week in one or more individual work weeks.

22.    Throughout the course of Plaintiff's employment with Defendants, and in the three (3) years prior to Plaintiff filing this Complaint, Plaintiff did work in excess of forty (40) hours per week in one or more individual work weeks.

23.    Throughout the course of Plaintiff's employment with Defendants, and in the three (3) years prior to Plaintiff filing this Complaint, Defendants paid Plaintiff her regular hourly rate instead of one and one-half times her regular hourly rate for hours worked in excess of (40) hours per week, in violation of the FLSA and the IMWL.

24.    Throughout the course of Plaintiff's employment with Defendants, and in the three (3) years prior to Plaintiff filing this Complaint, Defendants and Plaintiff had an agreement about what hourly rate Plaintiff would be paid, and Defendants failed to pay Plaintiff for all hours worked, in violation of the FLSA and the IWPCA.

25.    Throughout the course of Plaintiff's employment with Defendants, and in the three (3) years prior to Plaintiff filing this Complaint, Defendants improperly treated Plaintiff as an independent contractor when she, in fact, was under the control of Defendants and using their tools in the course of her work, and deprived her of the benefits she would have enjoyed as an employee.

26.    Plaintiff is not exempt from the overtime provisions of the FLSA or the IMWL.

## COUNT I: Violation of the FLSA - Unpaid overtime wages

### Against all Defendants

27.    Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

28.    Plaintiff was directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

29.    Defendants did not compensate Plaintiff at a rate of at least one and one-half (1.5) times her regular hourly rate of pay for all hours worked in excess of forty (40) hours in her individual workweeks.

30.    Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week violated the FLSA.

31.    Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

32.    Plaintiff is entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit.

WHEREFORE, Plaintiff prays for the following:

a.    A judgment in the amount of unpaid overtime wages for all time Plaintiff worked in excess of 40 hours in individual work weeks;

d.    That the Court declare Defendants violated the FLSA;

e.    That the Court enjoin Defendants from continuing to violate the FLSA;

f.    Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

g.     Such other relief as the Court deems proper and just.

## COUNT II: Violation of the IMWL - Unpaid overtime wages
### Against all Defendants

33.     Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

34.     This Count arises from Defendants' failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks in violation of the IMWL.

35.     Defendants directed Plaintiff to work, and Plaintiff did work, in excess of forty (40) hours in individual work weeks.

36.     Plaintiff was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

37.     Defendants did not pay Plaintiff overtime wages for all hours worked in individual work weeks.

38.     Defendants violated the IMWL by failing to pay Plaintiff overtime wages for all hours worked in individual work weeks.

39.     Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiff prays for the following:

a.     A judgment in the amount of unpaid overtime wages for all time Plaintiff worked in excess of 40 hours in individual work weeks as provided by the IMWL;

7

b.  Statutory damages for Plaintiff pursuant to the formula set forth in the IMWL;

c.  That the Court declares Defendants violated the IMWL;

d.  That the Court enjoins Defendants from continuing to violate the IMWL;

e.  Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

f.  Such other relief as the Court deems proper and just.

Plaintiff requests jury demand.

Respectfully submitted,

SUSANA CONTRERAS

By:  /s/ Margherita M. Albarello
     One of her attorneys

Margherita M. Albarello, #6187375
Di Monte & Lizak, LLC
216 W. Higgins Road
Park Ridge, IL  60068
847/698-9600
847/698-9623 Facsimile
malbarello@dimontelaw.com

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By signing below, I represent to this Honorable Court that I have been employed by Angelo Gelato Italiano, Inc., Angelo Querca, and Tommasa Querca

its parents, subsidiary, or affiliated companies, within the proper three years, that I have worked for Defendants time in excess of forth hours in individual work weeks, and have not been paid all of overtime wages owed to me pursuant to applicable federal law and/or have not been paid minimum wages for all time worked pursuant to applicable federal law. I authorize, through this Consent, the filing and prosecution of this **Fair Labor Standards Act** action in my name and on behalf of all persons similarly situated to myself.

Empleador
Angelo Gelato Italiano, Inc., Angelo Querca, and Tommasa Querca

sus padres, subsidiaria o compañías afiliadas, dentro del tres (3) años, que he trabajado para que los acusados tiempo en exceso de cuarenta (40) horas en semanas de trabajo individual, y no se me pago horas extras que se me deben en conformidad con leyes federales yo no se me ha pagado el salario minimo para todo el tiempo que trabaje en conformidad con leyes federales. Autorizo através de esta notificacion, la presenación y tramitactión de esta acción del **Fair Labor Standards Act** en mi nombre y de parte de todas las personas en situación simila a la mia.

Client Signature

*Susana Contreras* (signature)

Susana Contreras

Fecha: 07/27/16

EXHIBIT A